BRIDGET T. AVERY, administratrix, *vs.* EDWARD FORAND.

Middlesex.    March 3, 1936. — April 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Motor vehicle.    *Horse.*

In an action against the driver of an automobile for causing conscious suffering and the death of the driver of a pair of horses, which were old, slow, quiet and familiar with automobiles and which, at the defendant's request, had been hitched with a cart to the automobile to assist in dragging it from mire, a finding of negligence of the defendant was warranted by evidence that he, not knowing the temper and disposition of the horses and without any instruction from their driver to start the engine, did so noisily when he knew the driver was off the cart and had no control of them, frightening them so that they overturned the cart onto the driver.

TORT, by the administratrix of the estate of Harrison D. C. T. Avery. Writ in the Superior Court dated June 5, 1934.

The action was tried before *Collins,* J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*M. G. Rogers,* (*M. Barlofsky* with him,) for the plaintiff.
*J. H. Gilbride,* for the defendant.

LUMMUS, J. The plaintiff's intestate was employed on a farm by one Houghton, who owned a pair of old, slow, quiet

horses, familiar with automobiles both on the highway and on the farm. They were accustomed to start of their own accord only when the reins were picked up.

On the rainy evening of March 31, 1934, the defendant's automobile had been mired for several hours. The plaintiff's intestate, at the defendant's request, went to give help with the pair of horses harnessed to a cart. The cart was backed up to the front of the automobile and fastened to it by a chain, so that the two vehicles were ten or twelve feet apart. One pull by the horses, with the assistance of the engine, failed to drag the automobile out of the mire. The plaintiff's intestate got off the cart, dropped the reins, and came back to alter the fastening of the chain. The defendant, thinking to help him, started the engine. The horses were frightened and started up, the plaintiff's intestate ran forward to seize the reins, and the horses turned to the left, overturning the cart, which fell on the plaintiff's intestate, causing injuries from which he died.

Upon evidence tending to prove the foregoing facts, in this action for negligence causing conscious suffering and death (G. L. [Ter. Ed.] c. 229, §§ 5, 6), the judge, subject to the plaintiff's exception, ordered a verdict for the defendant. It was stipulated, however, that if the direction of the verdict was error, judgment is to be entered for the plaintiff in the sum of $2,500.

The defendant knew nothing of the temper and disposition of the horses. He had received no instruction to start the motor at a time when the horses were not ready to pull. He knew that the driver had no control of them at the time. It could have been found that the noise of the engine caused the horses to start. We think that the defendant could have been found negligent in undertaking at such a time what appears from the evidence to have been a noisy operation of the engine. It is not shown that the plaintiff's intestate knew that the defendant intended to start the engine at that time.

*Exceptions sustained.*
*Judgment for the plaintiff.*